# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| ROSE SHIELDS o/b/o THE MINOR CHILDREN, DS, DS, DS and DS INDIVIDUALLY AND o/b/o THEIR DECEASED MOTHER FLORINE SHIELDS (D) | * | CIVIL ACTION NO.  10-1664 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| PRIMARY HEALTH SERVICES CENTER, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss for lack of subject matter jurisdiction [doc. # 7] filed by the United States pursuant to Federal Rule of Civil Procedure 12(b)(1).  For reasons assigned below, it is recommended that the motion to dismiss [doc. # 7] be GRANTED.

## Background

On January 23, 2008, Rose Shields filed the instant medical malpractice action on behalf of the decedent, Florine Shields, and her surviving minor children in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana.  *See* Petition, as amended.  Named defendants were Primary Health Services Center ("Primary Health") and Tammy Stewart-Dixon (incorrectly named as "Tammie Dixon Julian").  *Id.*

On October 29, 2010, the United States removed the matter to federal court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*  On December 1, 2010, the United States filed a motion to substitute itself as defendant in lieu of Primary Health

and Stewart-Dixon pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233.  Plaintiff did not oppose the motion, and after the U.S. Attorney certified that Primary Health and Stewart-Dixon were acting within the course and scope of their employment during the relevant period, the court substituted the United States as the sole party-defendant in this matter.  *See* Orders of Dec. 29, 2010 and Jan. 12, 2011 [doc. #s 12 & 14].

In conjunction with its motion for substitution, the United States also filed the instant motion to dismiss the case for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1).[1] Plaintiff failed to respond to the motion within the applicable delays; therefore, it is deemed unopposed.  (Notice of Motion Setting [doc. # 9]).  The matter is now before the court.

## Law and Analysis

### I.      Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).  "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

---

[1]  As this court remarked earlier, once substitution was effected, then the case became subject to dismissal because plaintiff failed to exhaust her administrative remedies before filing suit against the government, as required by the FTCA.  (Dec. 29, 2010, Order [doc. # 12]).

## II.        FTCA and Administrative Exhaustion

The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived.  *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976).  In the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts.  *See Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962).

Under the FTCA, "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . ." for certain torts of federal employees acting within the scope of their employment.  *See* 28 U.S.C. §§ 1346(b) & 2671.  The FTCA establishes the exclusive remedy for tort claims arising out of the actions of the federal government and its employees.  28 U.S.C. § 2679.  The Act provides a limited waiver of sovereign immunity, and suits filed thereunder must be filed in exact compliance with its terms.  *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971).

The FTCA provides that,

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (in pertinent part).

The purpose behind the FTCA's administrative exhaustion requirement is to provide a claimant with "a meaningful opportunity to resolve the matter without the necessity of judicial intervention."  *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988).  Administrative

exhaustion is a jurisdictional prerequisite to filing suit against the government under the FTCA. *Gregory v. Mitchell*, 634 F.2d 199, 203-4 (5th Cir. 1981).  In other words, failure to exhaust administrative remedies deprives the court of subject matter jurisdiction.  *See Cook v. United States on behalf of U.S. Dept. of Labor*, 978 F.2d 164 (5th Cir. 1993).

Here, it is uncontroverted that plaintiff did not file an administrative claim with the Department of Health and Human Services, the appropriate federal agency in this matter.  *See* Decl. of Meredith Torres; Gov.'t Response, Exh. A [doc. # 13].[2]  Therefore, the instant suit is premature and subject matter jurisdiction is lacking.  Accordingly,

**IT IS RECOMMENDED** that the motion to dismiss for lack of subject matter jurisdiction [doc. # 7] filed by the United States be **GRANTED**, and that plaintiff's complaint be **DISMISSED, without prejudice**, in its entirety.  Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[2] Of course, plaintiff likely did not discern the need to file an administrative claim, considering that it was not readily apparent that the original defendants were federal employees. Nevertheless, 28 U.S.C. § 2679(d)(5) potentially affords plaintiff some relief.

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL
FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 13th day January
2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE